## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE COX <br> 6437 Edsall Road, Apt. 4 <br> Alexandria, VA 22312, <br><br>       Plaintiff <br><br>       v. <br><br> JEH JOHNSON, Secretary <br> Department of Homeland Security <br> 3801 Nebraska Ave., NW <br> Washington, DC 20016, <br><br>       Defendant. | Civ. Action No. 1:16-cv-1966 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Nicole Cox, by her undersigned counsel, hereby complains of Defendant Jeh Johnson, Secretary, Department of Homeland Security, as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action to recover for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and under Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, *et seq.* (the "Rehabilitation Act").

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction, and venue is proper because Defendant formerly employed Plaintiff here in Washington, DC, during the relevant time period.

## PARTIES

3. Plaintiff resides in Alexandria, Virginia. At all times relevant herein, Plaintiff was Defendant's employee within the meaning of Title VII and the Rehabilitation Act.

4. Defendant Jeh Johnson is named in his official capacity as Secretary the U.S. Department of

Homeland Security.  At all times relevant herein, Defendant was Plaintiff's employer within the meaning of Title VII and the Rehabilitation Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted her administrative remedies.  More than 180 days have passed since Plaintiff filed her formal EEO complaint on November 14, 2011.

6. Defendant has not issued a decision, and Plaintiff has not appealed the EEOC Administrative Judge's decision on Defendant's Motion for Summary Judgment, which was entered on May 23, 2016.

## STATEMENT OF FACTS

7. Plaintiff is female.

8. During the relevant time period, Defendant was aware that Plaintiff was female, based on her physical appearance and because she identified herself as such on personnel documentation.

9. On July 17, 2008, Plaintiff began working for Defendant as a Uniformed Division ("UD") Officer, Law Enforcement  ("LE") 1, for the U.S. Secret Service ("USSS").

10. Uniformed Division Officer, LE 1, is a Schedule B Excepted Appointment position, which is subject to a trial period of at least three years.  However, as long as the officer's performance is acceptable during the trial period, he/she is generally converted to competitive service (*i.e.,* a permanent employment). If the employee is not converted to career status, his/her employment expires within 120 days of the end of the trial period.

11. Plaintiff graduated first in her class at the USS training course and received the Sharpshooter Award.

12. During her employment with Defendant, Plaintiff's always received ratings of "acceptable"

or better, as well as positive substantive feedback on her performance evaluations.

*Plaintiff suffers from a disability.*

13. In or around May 2010, Plaintiff was diagnosed with endometriosis, a permanent medical condition that causes severe pelvic and back pain. Plaintiff's endometriosis substantially limits her major life activities of standing, running, and walking, among others.

14. Defendant granted Plaintiff's request for medical leave from on or about May 18, 2010, to on or about June 9, 2010, to undergo surgery for her disability. Accordingly, Defendant was aware of Plaintiff's disability during the relevant time period.

15. Plaintiff returned to work on June 10, 2010, and was placed on limited duty.

*Plaintiff continued to successfully perform her job duties.*

16. Despite her disability, Plaintiff successfully performed her assigned duties. She continued to receive "acceptable" ratings and positive feedback on her performance evaluations.

17. On or about September 23, 2011, Complainant's physician sent the Agency a letter, which stated that Plaintiff would be able to return to full duty on or about October 23, 2011.

*Defendant terminates Plaintiff's employment.*

18. On October 12, 2011, Plaintiff attended a meeting with Inspector Thomas Sullivan (male, no disability), Inspector Marty Wilkerson (male, no disability), and Sgt. Kimberlee Cook (female, no disability).

19. Capt. Norine Wojtanski (female, no disability) was also involved in the decision to terminate Plaintiff's employment; however, she did not attend the meeting.

20. During the October 12th meeting, Plaintiff was presented with an Expiration of Appointment ("EOA") notice, which stated that she would not be converted to competitive service and that, accordingly, her employment would end on November 12, 2011.

21. Plaintiff asked if she was being fired because of her disability. Inspectors Sullivan and Wilkerson denied that her disability influenced the decision but noted that Plaintiff had worked in an administrative position (*i.e.*, limited duty) for the past 18 months. Their comment indicated to Plaintiff that Defendant was firing her because she had a disability and needed reasonable accommodations.

22. The inspectors also told Plaintiff she "did not fit in." Inspector Sullivan suggested that a different career would be better for her. Inspector Wilkerson accused Plaintiff of misplacing her BlackBerry.

23. Defendant also claimed that Plaintiff was not converted to competitive service because her performance was deficient.

*Plaintiff consistently received positive performance ratings and feedback.*

24. Defendant's assertion, that it fired Plaintiff because her performance was deficient, was false and was pretext for discrimination.

25. Plaintiff had an average pistol score of 284 out of a possible 300, excellent physical assessments, and no negative performance ratings or supplements.

26. Plaintiff consistently received ratings of "acceptable" or better on each of her performance evaluations. She also received cash awards for her commendable performance.

27. In fact, on her most recent performance rating, for the period from July 1, 2010, to June 30, 2011, Plaintiff received an "exceeded expectations" rating in the "Technical Proficiency" element, and an overall rating of "acceptable." The rating official wrote:

> Officer Cox's supervisors have never had a disparaging comment about her; in fact they have made sure that I'm aware of how much they value her. She has taken on her new assignments head on and excelled in her records keeping and

organizing the medical confidential database. I feel that Officer Cox is meeting all elements in an acceptable manner...

28. From July 2011, until her employment terminated on November 12, 2011, Plaintiff was assigned to Central Files. Defendant has not alleged that Plaintiff's job performance was deficient during that time period.

*Plaintiff timely and properly reported her missing BlackBerry.*

29. Similarly, Defendant's assertion, that it fired Plaintiff because she misplaced her BlackBerry, was false and was pretext for discrimination.

30. As soon as Plaintiff realized her government-issued BlackBerry was missing, she reported it to Sgt. Cook. Sgt. Cook confirmed that Plaintiff completed all necessary paperwork regarding the incident, as requested.

31. Plaintiff recovered the BlackBerry two days after she made the report, and no harm resulted.

32. On information and belief, employees who were male and/or did not have a disability or need reasonable accommodations were converted after losing their BlackBerrys, credentials, or duty weapons.

*Defendant treated Plaintiff less-favorably than her similarly-situated male peer.*

33. Employee X (male, disability) was also a UD Officer. Like Plaintiff, he was placed on limited duty.

34. Upon learning of Employee X's disability, Inspector Wilkerson contacted personnel to ask what Defendant could do to help Employee X.

35. Inspector Wilkerson never contacted personnel to assist Plaintiff.

36. Defendant did not terminate Employee X's employment. Instead, Defendant offered him a civilian position.

37. Defendant never offered Plaintiff another position.

*<u>Defendant's departure from its policies and procedures raises an inference of discrimination.</u>*

38. Defendant's departed from its regular practices in declining to convert Plaintiff to competitive service.

39. In determining whether to convert an employee to competitive service, Defendant reviews the employee's performance evaluations and consults with the employee's supervisors.

40. Inspectors Sullivan and Wilkerson, and Sgt. Cook did not review Plaintiff's performance evaluations or consult her previous rating supervisors in determining whether to convert her to competitive service.

41. Capt. Wojtanowski consulted Plaintiff's supervisors during her assignment with Safety and Health and admitted that they spoke very highly of Plaintiff. Capt. Wojtanowski did not consult any of Plaintiff's other former supervisors.

42. As such, Defendant departed from its policies and procedures.

## COUNT 1
(Sex discrimination)

43. Plaintiff repeats and realleges paragraphs 1–42, as if fully set forth herein.

44. Defendant subjected Plaintiff to unlawful discrimination on the basis of her sex by declining to convert her to competitive service and terminating her employment.

45. By and through its conduct, Defendant violated Title VII.

46. As a result, Plaintiff has sustained damages, including but not limited to lost wages, mental anguish, emotional distress, and pain and suffering, and her damages are continuing.

## COUNT 2
(Disability discrimination, failure to accommodate)

47. Plaintiff repeats and realleges paragraphs 1–46, as if fully set forth herein.

48. Defendant discriminated against Plaintiff on the basis of her disability and denied her reasonable accommodations by declining to convert her to competitive service and terminating her employment.

49. By and through its conduct, Defendant violated the Rehabilitation Act.

50. As a result, Plaintiff has sustained damages, including but not limited to lost wages, mental anguish, emotional distress, and pain and suffering, and her damages are continuing.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on each count in this Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant on all Counts and seeks lost wages, front pay, and benefits; $300,000 in compensatory damages for pain and suffering, mental anguish, and emotional distress on each Count; interest; costs; the amount of tax on any award; reasonable attorney's fees; and any such other relief as the Court deems fair and just.

Date:   October 3, 2016

Respectfully submitted,

Alan Lescht and Associates, P.C.

_____/s/_____

Alan Lescht [DC Bar # 441691]
Susan L. Kruger [DC Bar # 414566]
Rani Rolston [DC Bar # 974052]
1050 17th St., NW, Suite 400
Washington, DC 20036
Tel:  (202) 463-6036
Fax:  (202) 463-6067
alan.lescht@leschtlaw.com
susan.kruger@leschtlaw.com
rani.rolston@leschtlaw.com
*Counsel for Plaintiff*